IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| JAMES T. DAWES | * | |
| | * | |
| Plaintiff | * | |
| | | |
| VS. | * | |
| | * | NO: 3:08CV00111   SWW |
| CAMERON MUTUAL INSURANCE CO. | * | |
| | * | |
| | * | |
| Defendant | * | |

**ORDER**

On June 3, 2008, James Dawes ("Dawes"), proceeding *pro se*, commenced action in state court.  On July 25, 2008, Defendant Cameron Mutual Insurance Co. ("Cameron") removed the case to this federal court.  Now before the Court is Dawes's motion for an extension of deadlines by which the parties must hold a conference and file a report required by Federal Rule of Civil Procedure 26(f) (docket entry #17).  Cameron has responded (docket entry #19), and the motion is ready for decision.  After careful consideration, and for the reasons that follow, the motion to extend Rule 26(f) deadlines will be granted in part and denied in part.  Additionally, the Court finds that Cameron has no obligation to respond to Dawes's premature discovery requests.

The initial scheduling order directs the parties to hold a Rule 26(f) conference by October 2, 2008 and to file a Rule 26(f) report by October 16, 2008.  On October 9, 2008, after the deadline for holding a Rule 26(f) conference passed, Dawes filed a motion requesting a sixty-day extension of time in which to conduct a 26(f) conference.  On October 14, 2008, Dawes filed requests for admissions.

In support of his motion, Dawes states that he needs more time to prepare.  Cameron responds that it has  no objection to the requested extension but requests that the Court order Dawes to withdraw his premature requests for admissions.  Additionally, Cameron reports that counsel has been unable to confer with Dawes because he has neglected to supply a working telephone number where he can be reached.

Under the Federal Rules of Civil Procedure, parties are required to meet and develop a discovery plan before embarking on formal discovery.  Federal Rule of Civil Procedure 26(d) provides that parties may not seek discovery before conferring as required by Rule 26(f). Rule 26(f), in turn, requires the parties to confer "as soon as practicable" regarding, among other things, a proposed discovery plan.  Although the Court agrees that the deadline for holding a Rule 26(f) conference must be extended, the Court finds a sixty-day extension excessive and unnecessary.  Additionally, the Court finds that Dawes's requests for admissions are premature and must be withdrawn.

IT IS THEREFORE ORDERED that Plaintiff's motion for an extension of Rule 26(f) deadlines (docket entry #17)  is GRANTED IN PART AND DENIED IN PART.  <u>The parties are jointly responsible for holding their Rule 26(f) conference on or before November 7, 2008, and a Rule 26(f) report must be filed on or before November 21, 2008.</u>  The parties should consult Federal Rule of Civil Procedure 26(f) and Local Rue 26.1 for information regarding the content of a Rule 26(f) report.

IT IS FURTHER ORDERED that Defendant has no obligation to respond to Plaintiff's requests for admissions, which are premature.

IT IS FURTHER ORDERED that <u>Plaintiff is directed to contact defense counsel within ten days from the entry date of this order and provide counsel a phone number where counsel can</u>

reach him.

IT IS SO ORDERED THIS 15TH DAY OF OCTOBER, 2008.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE