IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN   DIVISION

| | | |
|---|---|---|
| JAMES T. DAWES | * | |
| | * | |
| Plaintiff | * | |
| | | |
| VS. | * | |
| | * | NO: 3:08CV00111   SWW |
| CAMERON MUTUAL INSURANCE CO. | * | |
| | * | |
| | * | |
| Defendant | * | |

## ORDER

James Dawes ("Dawes"), proceeding *pro se*, commenced action in state court against Defendant Cameron Mutual Insurance Co. ("Cameron"). Cameron removed the case to this federal court based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000. Now before the Court is Dawes's motion for summary judgment (docket entry #15) and Cameron's response in opposition (docket entry #22). After careful consideration, the motion will be denied.

Dawes sues for breach of contract, alleging that Cameron failed to pay benefits due under a commercial property insurance policy covering his motel, which sustained fire damage. In support of his motion for summary judgment, Dawes asserts that his allegations against Cameron are deemed admitted because Cameron failed to respond to his requests for admission. As explained in the order entered October 15, 2008, the parties have yet to confer as required under Federal Rule of Civil Procedure 26(f), and Cameron had no obligation to respond to Dawes's premature requests for admission. Dawes has failed to demonstrate an absence of evidence to

support the Cameron's defense or that he is entitled to summary judgment.[1]

IT IS THEREFORE ORDERED that Plaintiff's motion for summary judgment (docket entry #15) is DENIED.

IT IS SO ORDERED THIS 20TH DAY OF OCTOBER, 2008.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[1] Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). As a prerequisite to summary judgment, a moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party has properly supported its motion for summary judgment, the non-moving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).